HARRIET E. LORD vs. MAINE CENTRAL RAILROAD COMPANY.

GEORGE S. LORD vs. SAME.

Sagadahoc.    Opinion March 5, 1909.

*Common Carriers.  Damages.  Failure to Transport Goods.*

When goods are delivered to and accepted by a common carrier for transportation, no bill of lading or prepayment of freight is necessary in the absence of law or notice to the shipper that such is required by the rules of the common carrier.

Under some circumstances exemplary damages may be assessed in actions for injury to personal property, as where malice, fraud, gross negligence or recklessness is present.

Where a shipper left goods for transportation at the freight depot of the common carrier, delivering the same to a freight handler who was apparently in charge and who was accustomed to receive freight during the absence of the receiving clerk, and the goods were properly packed and tagged with the name of the consignee and the place of destination, and the shipper was not requested to prepay the freight and he left the freight depot supposing nothing further would be required preliminary to the transportation of the goods, and the goods were not shipped, *Held:* That the circumstances and the evidence sufficiently showed that the common carrier accepted the goods for transportation when received by the freight handler and that there was a breach of duty on the part of the common carrier because of failure to transport the goods and that therefore it was liable in damages to the shipper.

Where the plaintiffs delivered certain goods consisting in part of household furniture and household effects, to the common carrier for transportation, and the common carrier accepted and received the same for transportation but did not transport the same, and the goods were not returned to the plaintiffs until several months after they had been received by the common carrier, and when returned to the plaintiffs it was found that the goods had been injured, *Held:* 1. That the common carrier was liable for the actual damage to the goods. 2. That the common carrier was liable in a reasonable amount for the rental value of the remaining goods for the period during which the plaintiffs were deprived of their use. 3. That the common carrier was not liable for exemplary damages.

On motions by defendant. Sustained in each case unless remittitur be made.

Two actions on the case, one by the wife and the other by the husband, to recover damages occasioned by the failure of the defendant company to transport certain goods and chattels as a common carrier. Plea, the general issue in each case with the following brief statement in each case : "And for brief statement to be used under the general issue pleaded said defendant further says that the goods and chattels described in the plaintiff's writ, were never lawfully delivered to it for transportation as a common carrier; that it never received and accepted said goods and chattels, as a common carrier, for transportation, as is alleged in the plaintiff's writ, and that at no time has the liability of a common carrier for the transportation of said goods and chattels ever attached."

The two actions were tried together. In the first entitled action, the plaintiff recovered a verdict for $110 and in the second entitled action the plaintiff recovered a verdict for $175. The defendant company then filed a general motion in each case to have the verdict set aside.

The case is stated in the opinion.

*Arthur J. Dunton*, for plaintiffs.

*White & Carter*, for defendant.

SITTING : EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, BIRD, JJ.

PEABODY, J. These are two actions on the case to recover damages occasioned by the failure of the defendant company to transport certain goods and chattels as a common carrier. They were tried together and now come to this court on motions of defendant for new trials.

It is the contention of the defendant company in each case that it never accepted the goods for transportation, so that the liability of a common carrier was not assumed, and that the damages assessed by the jury were excessive.

It appears from the evidence that on the sixth day of December, 1906, the goods in question were left by the plaintiffs' agent at the freight depot of the defendant company in the City of Bath, Maine, being delivered to a freight handler who was apparently in charge and who was accustomed to receive freight during the absence of the receiving clerk. The goods were properly packed and tagged with the name of the consignee, George S. Lord, and of the place of destination, Quincy, Mass. The plaintiffs' agent was not requested to prepay the freight and he left the station supposing nothing further would be required preliminary to the transportation of the goods. The goods were not shipped and no reply was made by the defendant company to a letter of inquiry enclosing stamp for such reply. After remaining at the freight house in Bath for several weeks, the goods were delivered to one Samuel Lord, the father of the plaintiff, George S. Lord, who claimed to have authority to receive them, but had no such authority. They remained in his possession for several months and were finally recovered and returned to the freight house by the defendant company, and were on the twenty-fifth day of April, 1907, delivered to the plaintiff's attorney, the freight agent at the time refusing to admit the liability of the railroad for the delay by ante-dating the shipping receipt as requested to do. The goods were then shipped to their destination by boat and when received were found to be injured.

Much of the injury seems to have been caused by the decay of apples packed with the goods and so was the result of the delay in transportation. Other articles were found to be broken but there is no evidence directly tending to show that this was done while they were in the custody of the defendant. The entire value of such of the goods of Mrs. Lord as were injured was $68 but the evidence does not show a total loss of all these articles. The actual damage to the goods of Mr. Lord was $26. The inconvenience and loss to Mrs. Lord of the use of her goods by detention, and of the furniture of Mr. Lord for several months were also claimed as an element of damage and the jury were warranted in adding something for this.

The verdict for the plaintiff in the case of Harriet E. Lord was for the sum of $110 and in the case of George S. Lord for the sum of $175.

As to the question of liability the circumstances proved by the evidence in connection with the testimony of the freight agent, sufficiently show that the defendant accepted the goods for shipment when received by the freight handler on the sixth day of December, 1906. No bill of lading or prepayment of freight was necessary in the absence of law or notice to the shipper that such was required by the rules of the defendant. *Wilson* v. *Grand Trunk Railroad*, 57 Maine, 138; Am. & Eng. Ency. of Law, (2nd ed.) 187.

The jury were therefore warranted in finding that there was a breach of duty on the part of the defendant.

They were warranted in assessing as damages, 1st, the amount of the actual injury to the goods which could not have exceeded $68 in the case of Mrs. Lord; and $26 in the case of Mr. Lord; and 2nd, a reasonable amount in each case for the rental value of the remaining goods for the period during which the plaintiffs were deprived of their use. There is no clear evidence bearing on the rental value or even on the actual value of the rentable goods except that it appears that only a small lot of furniture and other household effects, largely second hand, were involved in the actions, and that the plaintiffs were deprived of the use of them about four months and a half.

It is apparent from the amount of the verdict that the jury must have added exemplary damages to the loss actually sustained by the plaintiffs. It is claimed by the plaintiffs' counsel that such damages could properly be allowed. Under some circumstances exemplary damages may be assessed in actions for injury to personal property, as where malice, fraud, gross negligence or recklessness is present. 12 Am. & Eng. Ency. 18: 13 Cyc. 117. But no such elements are shown to exist in the present cases. The actual injury to the goods resulted without the knowledge of the defendant company, and it is liable for that injury only because of the nature of its responsibility as a common carrier.

The delay in transportation appears to have been occasioned by the inclination of the railroad officials to enforce in this instance their regulations for prepayment of freight, which, though legally reasonable in themselves, had not been brought to the attention of the shipper at the proper time. The delivery of the goods to the plaintiffs' father upon his representation that he was the owner of them was an error of judgment. While the defendant company was not excused from the consequences of this act, there was nothing in it or in any other act or omission of its agents which would warrant the jury in finding a wrongful intent. 12 Am. & Eng. Ency. (2nd ed.) 21, 22.

Our conclusion is that the damages assessed in each case are excessive.

In the action *Harriet E. Lord* v. *Maine Central Railroad Company*, the entry will be,

> *Motion sustained, unless the plaintiff within 30 days from the filing of the certificate of decision remits from the amount of the verdict all above $80.*

In the action *George S. Lord* v. *Maine Central Railroad Company*, the entry will be,

> *Motion sustained, unless the plaintiff within 30 days from the filing of the certificate of decision remits from the amount of the verdict all above $70.*